NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| M.C., a minor, by and through his parent D.C., | No. 16-35828 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00627-HZ |
| v. | MEMORANDUM[*] |
| OREGON DEPARTMENT OF EDUCATION, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

M.C., a minor, by and through his parent D.C., appeals pro se from the

district court's judgment dismissing his action under the Individuals with

Disabilities Education Act ("IDEA"). We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)); *San Remo Hotel, L.P. v. San Francisco City & County*, 364 F.3d 1088, 1094 (9th Cir. 2004) (decisions regarding issue preclusion). We may affirm on any basis supported by the record. *United States v. Wash.*, 969 F.2d 752, 755 (9th Cir. 1992). We affirm.

The district court properly dismissed M.C.'s claims relating to the due process hearing because M.C. failed to allege a legal theory or facts sufficient to state a plausible claim for relief against the Oregon Department of Education ("ODE"). *See* Or. Admin. R. 581-015-2345(1)(a)(A) ("A parent may request a due process hearing if the parent does not agree with the identification, evaluation, educational placement of a child, or the provision of a free appropriate education to a child who may be disabled."); *see also Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) ("A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (citation and internal quotation marks omitted)).

Dismissal of M.C.'s claims relating to the complaint resolution procedure matter was proper because M.C.'s claims were previously litigated against ODE to a final judgment in state court, both actions involve the same factual transaction,

16-35828

the claims could have been joined in the first action, and the remedy sought in the instant action is additional or alternative to that sought in the state court case. *See Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law." (citation omitted)); *Lincoln Loan Co. v. City of Portland*, 136 P.3d 1, 3-4 (Or. 2006) (elements of claim preclusion under Oregon state law).

The motions to take judicial notice (Docket Entry Nos. 19, 31) are denied.

M.C.'s motion to extend the time to file a reply brief (Docket Entry Nos. 32 and 34) is granted. The clerk shall file the reply brief submitted at Docket Entry No. 30.

**AFFIRMED.**